UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) |
| LAKEPORT CF, LLC | ) Case No. 22-11941-MER |
| | ) Chapter 11 |
| Debtor. | ) |

**THOMAS MCANN'S OBJECTION TO FIFTH AMENDED PLAN OF REORGANIZATION**

Creditor Thomas McCann ("McCann"), through counsel, submits his Objection to Debtor's Fifth Amended Plan of Reorganization (the "Fifth Amended Plan") and states as follows:

**THE DEBTOR DID NOT ATTEMPT TO MEANINGFULLY CONFER WITH MCCANN PRIOR TO FILING THE FIFTH AMENDED PLAN**

On May 3, 2024, following a hearing on the Debtor's confirmation of the Fourth Amended Plan, the Court ordered the following:

> The Debtor shall file an amended plan of reorganization reflecting the resolution reached by the Debtor, Can-America Drilling, Inc and Thomas McCann, as reflected in the record of the Court. The Debtor and the parties shall also file a stipulated withdrawal of objections to the plan and a proposed order confirming the amended plan of reorganization.

(Doc. # 606).

Instead of complying with the Court's Order, the Debtor sent a draft of the amended plan on Thursday, May 16, 2024 at 2:22 pm MDT. Then, without waiting for input from McCann or telling his attorney they would be filing the Fifth Amended Plan the next day, the Debtor filed it on Friday evening. The Debtor filed the amended plan with zero effort to reach a resolution with McCann on the Fifth Amended Plan.

The Court ordered the parties to file proposed order confirming the amended plan of reorganization (Doc. # 606). McCann does not agree to the current plan as worded and has sought

–1–

to remedy these issues with the Debtor.

McCann maintains his previous objections as the Fifth Amended Plan still does not adequately explain the funding for the reserve to be included for Class Eight creditors.

## **THE NEW PLAN DOES NOT PROTECT CREDITORS**

The Debtor agreed at the last hearing to place a reserve on funds for certain creditors including McCann. However, the Fifth Amended Plan in paragraph 3.8 provides:

> 3.8 **Class Eight - Unsecured Claims**: Class Eight consists of allowed Unsecured Claims against the Debtor and the Claims that are deemed allowed by a Final Order for damages in connection with the state and Bankruptcy Court components of the Adversary Litigation. For the avoidance of doubt, those claimants who prevail in a claim for damages within the Adversary Litigation, and whose Claim is an Allowed Claim as determined by the Bankruptcy Court, shall be Class Eight claimholders and entitled to be paid as part of Class Eight. The unsecured creditors in Class Eight shall receive semi-annual payments pro rata over the course of five years (or until they are paid in full) from a combination of Income, the net proceeds from the State Court Litigation, and the sale of lots of the Debtor's developed Real Property. Amounts included in Class Eight shall accrue interest at the Federal Judgment Rate on their Allowed Claims until paid, and such interest shall be paid to the unsecured claimholder with the semi-annual payments described herein. Interest shall accrue on the proof of claim amount of the Class Eight Allowed Claims, on the principal amount of such claims as set forth on the respective claimholder's proof of claim on the Effective Date. Until the holders of Allowed Claims in Class Eight are determined by the issuance of a Final Order by the Bankruptcy Court, the amounts to be paid to the Class Eight claimholders shall be placed in Escrow and held in Escrow. Payments to Class Eight claimholders shall commence when all Class Eight Claims are determined to be Allowed Claims by the Bankruptcy Court or the Debtor's objection to claims otherwise included in Class Eight are sustained, in either case by a Final Order from the Bankruptcy Court. Notwithstanding the foregoing or anything to the contrary herein, the Debtor, in its sole discretion, may pay the claims in Class Eight in full, with accrued but unpaid interest, at any time prior to the end of five years. For the avoidance of doubt, this Plan proposes to pay allowed Unsecured Claims in Class 8 in full according to the terms and conditions provided herein. Class 8 is impaired under the Plan.

McCann's issue with this language lies in the limitation on the source of the reserve. As written, the reserve need only be made with "net proceeds" from the State Court litigation and the sale of <u>developed</u> Real Property.

The Fifth Amended Plan should provide that the reserve is to be put up from "all revenue" generated by the Debtor. As an example, as it often happens in development projects, if the Debtor decides to flip the land to another developer, then those proceeds should be used to fund the reserve. As stated, if the property remains undeveloped, it would not be included in the reserve.

A myriad of other revenue producing events could occur from the Debtor side and if they do, the Debtor should put up such a reserve from those revenue producing events. This "revenue" language should be placed in paragraph 3.8 and in the definition of "income" in the plan in paragraph 1.29.

On the Monday following the Debtor filing the Fifth Amended Plan, counsel for the Debtor and McCann had a conferral telephone call to discuss McCann's concern with this language.

Regarding the request for the change in the definition of "income," and the addition of the word "revenue", the Debtor's counsel stated "This will not work". Debtor's counsel said the plan cannot be amended or a stipulation entered into for the changes requested by McCann.

WHEREFORE, Thomas McCann respectfully requests this Court deny confirmation of the Fifth Amended Plan and requests such other and further relief as the Court deems appropriate.

Dated: May 17, 2024

Respectfully Submitted,

**DORTCH LINDSTROM LIVINGSTON LAW GROUP**

*/s/ T. Micah Dortch*
T. Micah Dortch
2613 Dallas Parkway, Suite 220
Plano, Texas 75093
Tel: 214-252-8258
Fax: 888-653-3299
Email: micah@dll-law.com

Christopher D. Lindstrom #51052
4306 Yoakum Blvd., Suite 270
Houston, Texas 77006
Tel: 713-968-0060
Fax: 888-653-3299
Email: Chris@dll-law.com

ATTORNEY FOR CREDITOR
THOMAS MCCANN

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing ***Thomas McCann's Objection to Fifth Amended Plan of Reorganization*** was served on May 17, 2024 via CM/ECF to all counsel of record.

*/s/ T. Micah Dortch*
**T. Micah Dortch**